# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MICHAEL CATES, #426105,   *

Plaintiff,   *

v.   *   Civil Action No. ELH-18-1398

BALTIMORE CITY CIRCUIT COURT,   *
JUDGE JEANNIE HONG,
BALTIMORE CITY STATE'S ATTORNEY,   *
LISA PHELPS, State's Attorney and
GOVERNOR LARRY HOGAN,   *

Defendants.   *

***

## MEMORANDUM

Michael Cates, who is self represented, filed a civil rights action on May 14, 2018, against the Baltimore City Circuit Court; Judge Jeannie Hong; the Baltimore City State's Attorney; Lisa Phelps (State's Attorney[)]"; and Governor Larry Hogan. ECF 1.[1] The complaint seeks monetary damages against the defendants due to their alleged failure to provide him with drug, alcohol, and mental health treatment and to order a competency hearing based on Cates's disability, as well as the alleged imposition of a sentence based on Cates's race. *Id.* at 7-13.

According to plaintiff, as a result of the defendants' deliberate indifference, his "mental illnesses worsened substantially, making plaintiff's sentence, cruel and unusual punishment," in violation of the Eighth and Fourteenth Amendments. *Id.* at 7.[2]

For the reasons stated below, the complaint must be dismissed.

---

[1] Cates titled the initial complaint as "Amended Complaint."

[2] Plaintiff asserts that he was diagnosed with "Led [sic] Paint Poisoning at the age of 8," and diagnosed with "bipolar depression and bipolar disorder at the age of 16 . . . ." ECF 1 at 10. He also points to his history of drug use and alcohol addiction. *Id.* at 3-4.

**Discussion**

Under 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. However, § 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see Wahi v. Charleston Area Med. Ctr.,* 562 F.3d 599, 615 (4th Cir. 2009).

Defendant "Baltimore City Circuit Court" is not a "person" amenable to suit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002). Therefore, the suit shall be dismissed as to the Baltimore City Circuit Court. The suit shall also be dismissed as to the remaining defendants.

Judge Hong is a Maryland State judge who Cates has sued for decisions made in her capacity as a judge. This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355–56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08–CV–135–H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. The Court explained the rationale for judicial immunity, *id.* at 553-54:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences"... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to

intimidation.

Regardless of Cates's conclusory claims of constitutional violation, he provides no grounds to defeat the judicial immunity that applies to Judge Hong's determinations in his criminal matter.

The Baltimore City State's Attorney (Marilyn Mosby) and Lisa Phelps, presumably an Assistant State's Attorney for Baltimore City, were sued for their role in Cates's underlying criminal case, for which he was convicted and is now incarcerated. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, ___ F.3d ___, 2018 WL 2090902, at *4-5 (4th Cir. May 7, 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).

Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The Court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 2018 WL 2090902, at *5 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit recently stated in *Nero*, 2018 WL 2090902, at *5: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431."

4

The decisions as to whether, when, and how to prosecute pertain to the role of advocate. Therefore, on the face of the suit, the prosecutorial defendants in the instant case enjoy absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

Finally, Cates has failed to allege how Governor Hogan personally participated in violating his constitutional rights. Under § 1983, individual liability must be based on personal conduct. *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985); *see also Foote v. Spiegal,* 118 F.3d 1416, 1423 (10th Cir. 1997). Cates simply states: "The governor needs to amend the laws in Maryland, making being disabled a priority, rather than a crime." ECF 1 at 8.

Governor Hogan is entitled to absolute legislative immunity for any constitutionally authorized activities as whether to sign or veto a particular bill and whether to recommend proposed legislation to the General Assembly. "Legislative immunity protects those engaged in legislative functions against the pressures of litigation and the liability that may result." *McCray v. Dept. of Transportation*, 741 F.3d 480, 484 (4th Cir. 2014); *see E.E.O.C. v. Wash. Suburban Sanitary Comm'n*, 631 F.3d 174, 181 (4th Cir. 2011). "The determination of legislative immunity is based on the function being fulfilled – not the title of the actor claiming immunity." *McCray*, 741 F.3d at 485; *see also Baraka v. McGreevey,* 481 F.3d 187, 195-96 (3d Cir. 2007) (stating that absolute legislative immunity attaches to "all actions taken 'in the sphere of legitimate legislative activity,'" and the doctrine "shields from suit not only legislators, but also public officials outside of the legislative branch when they perform legislative functions"). Therefore, the claim as to Hogan shall be dismissed.

For these reasons, Cates's suit is subject to dismissal. An Order follows.

Date: May 22, 2018                                         /s/
                                                          Ellen L. Hollander
                                                          United States District Judge